# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**DESIRE NWOSU**

**VERSUS**

**OCHSNER MEDICAL CENTER CLINIC FOUNDATION**

**CIVIL CASE**

**No. 10-1954**

**SECTION "I"**

## ORDER AND REASONS

Before the Court is an unopposed motion for summary judgment filed by defendant, Ochsner Medical Center Clinic Foundation ("Ochsner"). For the following reasons, Ochsner's motion for summary judgment is **GRANTED.**

### BACKGROUND

Plaintiff is an African-American female of Nigerian descent who was employed at Ochsner from March 2009 until July 2009 as a pharmacy technician candidate. While an employee at Ochsner, she alleges that her coworkers mistreated her based on her national origin, gender, and race. According to her deposition, plaintiff's coworkers made physical threats toward her,[1] "mess[ed] with her work"[2] and talked about her openly, suggesting that she was stealing prescription drugs.[3] Plaintiff alleges that she was called by the wrong name on several occasions, including "Niegara" and "Dumbi," which were the names of two of her coworkers.[4] Ha Nguyen ("Nguyen"), a pharmacist, allegedly made several sexually suggestive remarks to

---

[1] Coworkers, particularly Niegara George, allegedly threatened to "beat [her] up" and suggested that they "knew where [she] stayed." R. Doc. 29-2, pgs. 9-10.
[2] *Id.* at 8-9.
[3] *Id.* at 4.
[4] *Id.* at 10-12.

plaintiff and allegedly drew a sexually explicit picture on a medical record.[5] Despite these

actions by her co-workers, plaintiff does not allege that she made any attempt to discuss with her

superiors the fact that she felt that her coworkers' conduct created a hostile work environment in

violation of Title VII.[6]

Pharmacy technician candidates hired by Ochsner must have a temporary Louisiana

Board of Pharmacy "permit."[7]   Before pharmacy technicians can obtain a permanent license,

state regulations require that they work for a certain number of hours.[8] Employees hired by

Ochsner as pharmacy technician candidates are expected to obtain a permanent license before

their permit expires.[9]

Plaintiff's permit expired on July 16, 2009, before she obtained a license, though at least

three superiors had reminded her of its pending expiration.[10] Shortly before plaintiff's license

expired, Ochsner offered plaintiff a position as a pharmacy clerk.[11]  She did not accept this

position and never returned to work. Ochsner maintains that it terminated plaintiff's employment

on July 20, 2009 because she had not reported to work and because she had abandoned her job.[12]

In her complaint, plaintiff asserts hostile work environment claims based upon gender

and national origin.[13] She also claims constructive discharge based on race and national origin

---

[5] *Id.* at 13-14.
[6] *Id.* at 18-19.
[7] R. Doc. 29-3, pg. 2.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 6.
[11] *Id.*
[12] *Id.*
[13] R. Doc. 1, pgs. 1-2.

discrimination.[14]  Defendant has moved for summary judgment, asserting that no genuine issue of material fact exists and that even if plaintiff's allegations are true, they do not amount to viable Title VII claims.

## LAW AND ANALYSIS

### Summary Judgment

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. FED. R. CIV. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex,* 477 U.S. at 323; *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1195 (5th Cir. 1986).

---

[14] *Id.* at 2.  As this Court stated in *George v. Entergy Serv., Inc.*, Civil Action No. 09-3676, 2011 WL 765790, at *4 n. 12 (E.D. La. Feb. 25, 2011):

> The concept of constructive discharge is important for at least two analytically distinct reasons. First, as here, courts use a constructive discharge analysis to determine whether a plaintiff meets the adverse employment action element of a *prima facie* case of discrimination under the *McDonnell Douglas* burden shifting framework. *See e.g., Rowell v. BellSouth Corp.,* 433 F.3d 794, 806-07 (11th Cir.2005) ("[W]e find that [plaintiff] cannot establish an adverse employment action of constructive discharge and his ADEA claim fails" because plaintiff has not established a *prima facie* case of employment discrimination.). In such a situation, a constructive discharge is not seen as an independent claim, but merely an element of the *prima facie* case of discrimination under the *McDonnell Douglas* framework.
>
> Second, in the case of hostile work environment claims attributable to harassment by a supervisor, the Fifth Circuit explained in *Aryain v. Wal-Mart Stores Texas LP,* 534 F.3d 473 (5th Cir.2008), that establishing "constructive discharge entitles an employee who resigned to recover 'all damages available for formal discharge.'" *Aryain,* 534 F.3d at 480 (quoting *Penn. State Police v. Suders,* 542 U.S. 129, 147 n. 8 (2004)).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The non-moving party must carry this burden as to each essential element on which it bears the burden of proof. *Schaefer v. Gulf Coast Regional Blood Center,* 10 F.3d 327, 330 (5th Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted); *see also Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.,* 497 U.S. 871, 871-73, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992). Moreover, "conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id* . at 255; *see Hunt v. Cromartie,* 526 U.S. 541, 552, 119 S. Ct. 1545, 143 L. Ed. 2d 731 (1999). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and

designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995).

### Race and National Origin Discrimination

"Although summary judgment is not favored in claims of employment discrimination, it is nonetheless proper when there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Fierros v. Texas Dep't of Health*, 274 F.3d 187, 190-91 (5th Cir. 2001) (internal quotation marks omitted). Summary judgment in employment discrimination cases is proper when the plaintiff fails to establish a prima facie case of discrimination. *Lyles v. Texas Alcohol Beverage Comm'n*, No. 09-20714, 2010 WL 2103006, at *3 (5th Cir. May 24, 2010). If the plaintiff relies on circumstantial evidence, as Nwosu does, the burden-shifting test outlined in *McDonnell Douglas v. Green* applies. 411 U.S. 792 (1973).

In order to establish a prima facie case of actionable discrimination, a plaintiff must show that (1) she is a member of a protected class, (2) she was qualified for the job, (3) she was subjected to an adverse employment action, and (4) other similarly situated employees were treated more favorably. *Bryan v. McKinsey & Co.,* 375 F.3d 358, 360 (5th Cir. 2004).

Following *McDonnell Douglas*, if the plaintiff succeeds in establishing her prima facie case, the employer must then provide a legitimate and non-discriminatory reason for the underlying action. *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). Should the employer succeed in providing a legitimate and non-discriminatory reason for its action(s), the plaintiff must then show that the employer's articulated reason is pretextual. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). If the plaintiff can show that the proffered explanation is merely pretextual, that showing, when coupled with the prima facie

case, will usually be sufficient to survive summary judgment. *Id.* at 345 (*quoting Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 146-48, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).

Nwosu cannot establish a prima facie case of discrimination because she is simply not qualified for the position of pharmacy technician candidate.  When plaintiff was terminated by Ochsner on July 20, 2009, she did not possess the requisite permit to practice as such.[15] Accordingly, Nwosu has not fulfilled the second requirement of the *McDonnell Douglas* framework and she cannot maintain a Title VII claim based upon national origin or race discrimination. 411 U.S. at 802. [16]  Moreover, even if the Court was to assume that plaintiff has established a prima facie case of race discrimination, plaintiff has failed to adequately rebut Ochsner's non-discriminatory reason that she was terminated as a result of her failure to procure a valid license to practice as a pharmacy technician.

### *Hostile Work Environment Claims*

To establish a hostile work environment claim plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was the victim of uninvited harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was "sufficiently severe or pervasive" to alter a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action. *Harvill v. Westward*

---

[15] R. Doc. 29-2, pgs. 7-8.

[16] The Court notes that, in its memorandum, Ochsner attempts to articulate a non-discriminatory reason for terminating plaintiff in order to satisfy the second step of the *McDonnell Douglas* framework.  Ochsner stated that it terminated plaintiff as a result of her failure to procure a valid license to practice as a pharmacy technician.[16]  R. Doc. No. 29-1.  Nevertheless, Ochsner has not supported such assertion with admissible evidence.  *Davey v. Jones,* 371 Fed. App'x 146, 148 (2nd Cir. 2010).

Because the Court determines that defendant was unqualified for her position, the Court need not address plaintiff's possible entitlement to back- or front-pay.

*Communications, L.L.C.,* 433 F.3d 428, 434 (5th Cir. 2005).  In determining whether a hostile

work environment exists, the Fifth Circuit requires district courts to consider plaintiff's

allegations "in light of the totality of the circumstances."  *Shepherd v. Comptroller of Public*

*Accounts of the State of Tex.*, 168 F.3d 871 (5th Cir. 1999).

Whether an environment is "hostile" or "abusive" is determined by looking at all of the

circumstances, including the frequency of the discriminatory conduct, its severity, whether it is

physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably

interferes with an employee's work performance. *See Harris,* 510 U.S. at 23, 114 S.Ct. at 371. To

be actionable, the challenged conduct must be both objectively offensive, meaning that a

reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the

victim perceived it to be so. *See id.* at 21-22, 114 S.Ct. at 370.  Fifth Circuit precedent recognizes

that the burden of proving a hostile work environment is "demanding." *Indest v. Freeman*

*Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999). [17]

### *National Origin*

Assuming, without deciding, that all of the other elements of her hostile work

environment claim are met, such claim fails because plaintiff cannot show that the alleged

harassment was "sufficiently severe or pervasive" such that it altered a term, condition, or

privilege of employment.  For harassment to affect a term, condition, or privilege of

employment, it must be "severe or pervasive enough to create an objectively hostile or abusive

work environment." *Harris v. Forklift Sys., Inc,*, 510 U.S. 17, 21 (1993). The discriminatory

---

[17] Plaintiff alleges supervisor harassment in addition to coworker harassment. To assert a valid supervisor
harassment claim, a plaintiff must prove that (1) plaintiff belongs to a protected class; (2) plaintiff was subjected to
unwelcome harassment; (3) the harassment was based on plaintiff's national origin; and (4) the harassment was so
severe or pervasive as to alter a term, condition, or privilege of employment and create an abusive working
environment.  *See Hancock v. Barron Builders & Mgmt. Co.*, 523 F. Supp.2d 571, 573 (W.D. Tex. 2007).
Regardless of the framework utilized, both of plaintiff's hostile work environment claims fail because the Court
determines that the harassment alleged by plaintiff was not sufficiently severe or pervasive.

nature of the conduct must be determined from "all the circumstances," including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23. "[S]imple teasing, offhand comments, and isolated incidents, (unless extremely serious) will not amount to discrimination charges." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (quoting *Hockman v. Westward Communications, LLC*, 407 F.3d 317, 328 (5th Cir. 2004)).[18]

Although plaintiff alleges in her complaint that her supervisor referred to her by a name ("Niegara") that is related to her country of origin and that others have referred to her by the name of a former Nigerian co-worker ("Dumbi"), such statements, even if true, do not arise to the level necessary to maintain a lawsuit under this stringent standard.  They are more akin to inappropriate "simple teasing" or "offhand comments." *Turner*, 476 F.3d at 348. *See also Vallecillo v. U.S. Dep't of Hous. & Urban Dev.*, 155 Fed. Appx. 764 (5th Cir. 2005) (affirming summary judgment where trial court held that despite supervisors calling plaintiff an "aggressive Hispanic" and referring to him as "Che Guevara," no hostile workplace suit could be maintained); *see also Hayatavoudi v. Univ. of La. Sys. Bd. of Trs.*, No. 00-30389, 2000 WL 1835143, at *2 (5th Cir. Nov. 27, 2000) (upholding summary judgment where trial court found no hostile workplace environment despite colleague referring to Iranian-born professor as "Ayatolla Asodollah" and a physical altercation preceded by the colleague citing an Arab proverb to demean plaintiff).  The Court finds that plaintiff has not demonstrated that the conduct

---

[18] Because the Court determines that plaintiff's allegations regarding her work environment are insufficiently severe or pervasive, the Court need not consider whether Ochsner has an *Ellereth/Faragher* defense.

alleged with respect to her supervisor hostile work environment claim based on national origin unreasonably interfered with her work performance.

### *Gender*

With respect to her hostile workplace claim pertaining to gender, plaintiff has not produced sufficient evidence to indicate that the alleged discriminatory conduct pervaded the workplace. Rather, her complaint is based solely upon the alleged conduct of Nguyen. For example, Nguyen allegedly drew a penis on a medical record and told her that he "[thought plaintiff needed] one of these."[19] Nguyen would also emphasize "ass" when saying the word assistant and asked her whether she "[played" with [herself" or "[watched] dirty movies."[20]

Although Nguyen's alleged statements and actions were inappropriate, they do not meet the "demanding" requirements of a Title VII lawsuit based on a hostile work environment. *Indest*, 164 F.3d at 264. The Fifth Circuit has found that substantially more severe and offensive conduct does not amount to the requisite level necessary to maintain a hostile work environment claim.   For example, in *Shepherd*, an employee touched plaintiff inappropriately and made sexually inappropriate remarks to her over a two year period.[21]  *Shepherd*, 168 F.3d 872-73. Nonetheless, the Fifth Circuit affirmed the trial court's summary judgment determination that such conduct did not constitute a valid Title VII claim.  As there was no touching here, nor severely offensive remarks that pervaded the workplace, the Court holds as a matter of law that the plaintiff's contentions, even if valid, do not entitle her to relief.[22]  Again, the Court finds that

---

[19] *Id.* at 13.
[20] *Id.* at 13-14.

[21] Such remarks included "your elbows are the same color as your nipples" and "you have big thighs." 168 F.3d at 872. Moreover, he invited her to sit on his lap during office meetings and tried to look down her clothing.  *Id.*

[22] The Court does note that plaintiff stated during her deposition that she only worked at Ochsner from March 2009 to July 2009.  The Court recognizes that such period is only a fraction of the two-year period of time during which

plaintiff has not demonstrated that the conduct alleged with respect to her hostile work environment claim based on gender unreasonably interfered with her work performance.

*CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED** and that all of plaintiff's claims against defendant are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, June __17th__, 2011

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

the plaintiff in *Shepherd* alleged that she experienced a hostile work environment.  Nevertheless, the difference is not dispositive in this case.